Michael F. Lynch
Nevada Bar No. 8555
Lynch Law Practice, PLLC
8275 S. Eastern Avenue, Suite 200
Las Vegas, NV  89123
702.413.8282 (direct)
702.543.3279 (fax)
Michael@LynchLawPractice.com

Attorneys for Plaintiff
Wells Fargo Bank, N.A.

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Wells Fargo Bank, National Association, | Case No. 2:13-cv-1561 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Yoel Iny and Tikva Iny, husband and wife; Yoel Iny, as Trustee of the Y&T Iny Family Trust Agreement dated June 8, 1994; Noam Schwartz and Rachel Elmalam, husband and wife; Noam Schwartz, as Trustee of the Noam Schwartz Trust dated August 19, 1999; 613 Investments, LLC, a Nevada limited liability company; Ronnie Schwartz, as Trustee of the NS 1998 Family Trust; Rachel Schwartz, as Trustee of the Leenoy Coreen Qualified Personal Retirement Trust; Triangle Trading Ltd, a Nevada corporation; Haskel Iny; Nira Sayegh; and Does 1 through 100, inclusive, | |
| Defendants. | |

Wells Fargo Bank, N.A., as successor-by-merger to Wachovia Bank, N.A. ("Plaintiff"), for its Complaint against Defendants hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    This Court has subject matter jurisdiction over this case pursuant to Article III, § 2 of the United States Constitution and 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

746535.1\0313491                                                   1

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

2.      This Court has personal jurisdiction over the Defendants because the Defendants are either citizens of the State of Nevada or caused events to occur within the State of Nevada out of which this action arises.

3.      Venue is proper in this Court under 28 U.S.C. § 1391 because at least one of the Defendants is a resident of this District and a substantial part of the acts or omissions that are the subject of this suit occurred in this District.

4.      This Court's jurisdiction over the subject matter of this dispute described herein, and personal jurisdiction over the Defendants, is non-exclusive and concurrent.

5.      Plaintiff Wells Fargo Bank, N.A. is a national banking association organized and existing under the laws of the United States, with its main office located in Sioux Falls, South Dakota.  Wells Fargo Bank, N.A. is the successor-by-merger to Wachovia Bank, N.A.

6.      Upon information and belief, Defendants Yoel Iny and Tikva Iny (collectively, "Iny") are husband and wife and citizens of Beverly Hills, California.  Iny has engaged in regular, continuous, and systematic business in Nevada.

7.      Yoel Iny is, and at all times relevant to the matters described herein has been, the trustee of the Y&T Iny Family Trust Agreement dated June 8, 1994 ("Iny Trust").  The Iny Trust is principally administered in Los Angeles County, California.  The Iny Trust has engaged in regular, continuous, and systematic business in Nevada.

8.      Upon information and belief, Defendants Noam Schwartz and Rachel Elmalam (collectively, "Schwartz") are husband and wife, are citizens of Nevada and residents of Las Vegas, Nevada.

9.      Noam Schwartz is, and at all times relevant to the matters described herein has been, the trustee of the Noam Schwartz Trust dated August 19, 1999 ("Schwartz Trust").  The Schwartz Trust is principally administered in Las Vegas, Nevada.

10.     Iny, Schwartz, the Iny Trust, and the Schwartz Trust are collectively referred to hereafter as the "Guarantors."

11.     Defendant 613 Investments, LLC is a Nevada limited liability company whose members are all citizens of either Nevada and California.

12. Defendant Ronnie Schwartz, the Trustee of the NS 1998 Family Trust, is a citizen of Nevada, and the NS 1998 Family Trust is principally administered in Nevada.

13. Defendant Rachel Schwartz, the Trustee of the Leenoy Coreen Qualified Personal Retirement Trust, is a citizen of Nevada, and the Leenoy Coreen Qualified Personal Retirement Trust is principally administered in Nevada.

14. Defendant Triangle Trading, Ltd. is a Nevada corporation with its principal place of business in Nevada. Triangle Trading, Ltd.'s general and limited partners are each citizens of either Nevada or California.

15. Upon information and belief, Defendant Haskel Iny is a citizen of Nevada.

16. Defendant Nira Sayegh is a citizen of California and has consented to personal jurisdiction in Nevada.

17. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the fictitious defendants sued herein. Plaintiff is informed and believes that such fictitious defendants were, in some way, responsible for, participated in, or contributed to the matters and things alleged herein. When the true names of such fictitious defendants and, as appropriate, the responsibility for, participation in, and contribution to the matters as herein alleged are ascertained by Plaintiff, Plaintiff will seek leave to amend the Complaint to assert the same.

## GENERAL ALLEGATIONS

### Introduction

18. Guarantors have failed to honor their irrevocable, absolute and unconditional joint and several guaranties of two loans made by Plaintiff to Guarantors' entities. Guarantors presently owe Plaintiff more than $27 million.

19. While indebted to Plaintiff, Guarantors wrongfully transferred certain of their assets to family members and other related or affiliated individuals or entities without receiving reasonable equivalent value in exchange and with the actual intent to hinder, delay, or defraud their creditors, including Plaintiff.

20. Further, these transfers rendered Guarantors insolvent.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

**Plaintiff's Loan to GAC**

21.    On or about February 28, 2008, Plaintiff made a loan to GAC Storage El Monte, LLC ("GAC"), as borrower, in the original principal amount of $12,650,000 ("GAC Loan").

22.    The GAC Loan is evidenced by, among other things:  (i) that certain Loan Agreement dated February 28, 2008, by and between Plaintiff, as lender, and GAC, as borrower ("GAC Loan Agreement"); and (ii) that certain Promissory Note dated February 28, 2008, made by GAC, as borrower, in favor of Plaintiff in the original principal amount of the GAC Loan ("GAC Note").

23.    The GAC Note, GAC Loan Agreement, together with all other documents reflecting or executed in connection with the GAC Loan are hereafter referred to as the "GAC Loan Documents."

24.    The GAC Loan matured, and all unpaid interest, principal, and other fees and charges became due and payable, on February 28, 2010 ("GAC Maturity Date").

**GAC Guaranties**

25.    Guarantors each executed and delivered to Lender an Unconditional Guaranty dated February 28, 2008 jointly and severally guaranteeing GAC's payment and performance under the GAC Loan Documents (collectively, "GAC Guaranties").

**Default Under The GAC Loan And Guaranties**

26.    Plaintiff has fully performed its obligations under the GAC Loan.

27.    GAC defaulted under the GAC Loan Documents by, among other things, failing to pay in full all amounts due and owing under the GAC Loan Documents by the GAC Maturity Date.

28.    Despite demand, GAC and the Guarantors failed and refused to cure their defaults. GAC and Guarantors failed, refused, and neglected to pay the amounts due and owing under the GAC Note and GAC Guaranties.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

**Plaintiff's Loan to Makena**

29.    On or about September 10, 2007, Plaintiff made a loan to The Makena Great American Anza Company, LLC ("Makena"), as borrower, in the original principal amount of $15,150,000 ("Makena Loan").

30.    The Makena Loan is evidenced by, among other things:  (i) that certain Loan Agreement dated September 10, 2007, by and between Plaintiff, as lender, and Makena, as borrower (as the same has been replaced, superseded, modified and amended from time to time, "Makena Loan Agreement"); and (ii) that certain Promissory Note dated September 10, 2007, made by Makena, as borrower, in favor of Plaintiff in the original principal amount of the Loan (as the same has been replaced, superseded, modified and amended from time to time, "Makena Note").

31.    Pursuant to that certain Modification to Loan Documents dated January 28, 2008 ("Makena Modification"), the parties agreed to modify the Makena Loan Agreement and the Makena Note to, among other things, increase the principal amount of the Loan to $15,650,000.

32.    Guarantors expressly consented to the Makena Modification.

33.    The Makena Loan Agreement, Makena Note, Makena Modification, together with all other documents reflecting or executed in connection with the Makena Loan are collectively referred to hereafter as the "Makena Loan Documents."

34.    The Makena Loan matured, and all unpaid interest, principal, and other fees and charges became due and payable, on September 10, 2010 ("Makena Maturity Date").

**Makena Guaranties**

35.    Each of the Guarantors executed and delivered to Plaintiff an Unconditional Guaranty dated September 10, 2007, absolutely, irrevocably, unconditionally, and jointly and severally guaranteeing Makena's payment and performance under the Makena Loan Documents (collectively, "Makena Guaranties").

**Default Under The Makena Note And Guaranties**

36.    Plaintiff has fully performed its obligations under the Makena Loan Documents.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

37. Makena defaulted under the Makena Loan Documents by, among other things, failing to pay the Makena Loan in full on the Makena Maturity Date.

38. By letters dated April 5, 2010, July 7, 2010, and July 15, 2010, Plaintiff gave Makena and Guarantors notice of their defaults under the Makena Loan Documents and under the Makena Guaranties.

39. Despite demand, Makena and the Guarantors failed and refused to cure their defaults.

**Amounts Due And Owing To Plaintiff**

40. As of June 14, 2012, the total unpaid principal balance due under the GAC Loan is no less than $12,041,222.25 in principal. In addition, there is presently no less than $446,357.29 in accrued interest due and owing. Further, other fees, costs, and expenses also are presently due and owing.

41. As of June 14, 2012, the total unpaid principal balance due under the Makena Loan is $14,732,212.22. In addition, there is presently no less than $301,254.24 in accrued interest due and owing. Further, other fees, costs, and expenses also are presently due and owing.

**Arizona Litigation**

42. On June 19, 2012, Plaintiff filed a Complaint against the Guarantors in Maricopa County, Arizona Superior Court, Cause No. CV2012-009373 ("Arizona Litigation"). In the Arizona Litigation, Plaintiff asserts claims against the Guarantors for breach of the GAC Guaranty and breach of the Makena Guaranty.

**FIRST CAUSE OF ACTION**

**(Fraudulent Conveyance of Iny NV Property)**

43. Plaintiff incorporates all of the foregoing allegations of this Complaint as if fully set forth here.

44. While the Guarantors were indebted to Plaintiff pursuant to the GAC Guaranty and Makena Guaranty, the Iny Trust owned certain real property located in Clark County, Nevada, including, but not limited to, that certain real property with assessor parcel numbers: 138-20-613-083; 138-03-415-026; 138-03-417-020; 139-03-810-095; 125-07-813-025; 125-12-113-059; 125-

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

19-711-018; 163-31-811-062; 162-21-315-071; 162-21-315-036; 138-16-711-010 ("Iny NV Property").

45.   In or about June 2010, the Iny Trust conveyed the Iny NV Property to Defendant 613 Investments, LLC ("613").

46.   Upon information and belief, 613 is an entity owned or controlled exclusively by Iny and/or the Iny Trust.

47.   In connection with this transfer of the Iny NV Property and in an effort to prevent the Iny Trust's creditors from reaching the Iny NV Property, 613 granted to the Iny Trust a deed of trust in the amount of $1,665,000 against the Iny NV Property (the "613 Deed of Trust").

48.   The Iny Trust transferred the Iny NV Property to 613 and received the 613 Deed of Trust with the actual intent to hinder, delay, or defraud its creditors, including Plaintiff.

49.   The Iny Trust transferred the Iny NV Property to 613 without receiving a reasonable equivalent value in exchange, and this transfer rendered the Iny Trust insolvent.

50.   613 knew, or should have known, that the Iny Trust's transfer of the Iny NV Property would render the Iny Trust insolvent.

51.   At the time the Iny Trust transferred the Iny NV Property, the Iny Trust was indebted to Plaintiff, and Plaintiff has been damaged by the transfer.

WHEREFORE, Plaintiff prays for judgment against the Iny Trust and 613 as follows:

A.   Voiding and setting aside the Iny Trust's transfers to 613;

B.   Voiding and setting aside the 613 Deed of Trust;

C.   Against 613 for the value of the Iny NV Property;

D.   For an award of its attorneys' fees and costs pursuant to the terms of the GAC Loan Documents and Makena Loan Documents, applicable law, and the common law; and

E.   For such other relief as the Court deems just and appropriate.

## SECOND CAUSE OF ACTION

### (Fraudulent Conveyance of Iny CA Property)

52.   Plaintiff incorporates all of the foregoing allegations of this Complaint as if fully set forth here.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

53. While the Guarantors were indebted to Plaintiff pursuant to the GAC Guaranty and Makena Guaranty, Iny owned certain real property located in California at 625 N. Crescent Drive, Beverly Hills, CA ("Iny CA Property").

54. In or about September 2009, Iny conveyed the Iny CA Property to Defendants Haskel Iny and Nira Sayegh.

55. Upon information and belief, Defendants Haskel Iny and Nira Sayegh are both children of Iny ("Iny Children").

56. Iny transferred the Iny CA Property to the Iny Children with the actual intent to hinder, delay or defraud Iny's creditors, including Plaintiff.

57. Iny transferred the Iny CA Property to the Iny Children without receiving reasonable equivalent value in exchange, and this transfer rendered Iny insolvent.

58. The Iny Children knew, or should have known, that the Iny's transfer of the Iny CA Property would have rendered Iny insolvent.

59. At the time Iny transferred the Iny CA Property, Iny was indebted to Plaintiff, and Plaintiff has been damaged by the transfer.

WHEREFORE, Plaintiff prays for judgment against Iny and the Iny Children as follows:

A. Voiding and setting aside Iny's transfer of the Iny CA Property to the Iny Children;

B. Against the Iny Children, jointly and severally, for the value of the Iny CA Property;

C. For an award of its attorneys' fees and costs pursuant to the terms of the GAC Loan Documents and Makena Loan Documents, applicable law, and the common law; and

D. For such other and further relief as the Court deems just and appropriate.

### THIRD CAUSE OF ACTION

### (Fraudulent Schwartz Transfer of Property)

60. Plaintiff incorporates all of the foregoing allegations of this Complaint as if fully set forth here.

61. While the Guarantors were indebted to Plaintiff, pursuant to the GAC Guaranty and Makena Guaranty, Schwartz owned certain real property located in Clark County, Nevada, including that property located at 1921 Redbird Drive, Las Vegas, Nevada, bearing assessor parcel no. 138-19-710-004 ("Schwartz NV Property").

62. In or about January 2010, Schwartz conveyed the Schwartz NV Property to Defendant Ronnie Schwartz as the Trustee of the NS 1998 Family Trust.

63. Upon information and belief, Ronnie Schwartz is the son of Schwartz, and the beneficiary of the NS 1998 Family Trust is either Schwartz and/or immediate relatives.

64. Schwartz transferred the Schwartz NV Property without receiving any consideration.

65. In connection with this transfer of the Schwartz NV Property, the NS 1998 Family trust purported to grant Defendant Triangle Trading, Ltd ("Triangle") a deed of trust against the Schwartz NV Property in the amount of $800,000 (the "Triangle Deed of Trust")

66. Triangle is an entity wholly owned or controlled, directly or indirectly, by Guarantors.

67. The NS 1998 Family Trust granted Triangle a deed of trust against the Schwartz NV Property with the sole purpose of hindering or delaying Plaintiffs efforts to satisfy Guarantors' debts by executing against or attaching the Schwartz NV Property.

68. In or about December 2011, Defendant Ronnie Schwartz, as the Trustee of the NS 1998 Family Trust, conveyed the Schwartz NV Property to Rachel Schwartz, as the Trustee of the Leenoy Coreen Qualified Personal Retirement Trust ("QPRT").

69. Upon information and belief, Rachel Schwartz is the daughter of Schwartz, and the beneficiary of the QPRT is either Schwartz or immediate relatives.

70. The QPRT did not pay any consideration for receiving title to the Schwartz NV Property.

71. Schwartz transferred the Schwartz NV Property with the actual intent to hinder, delay or defraud their creditors, including Plaintiff.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

72.    Schwartz transferred the Schwartz NV Property without receiving a reasonable equivalent value in exchange, and the transfer rendered Schwartz insolvent.

73.    NS 1998 Family Trust and QPRT knew or should have known that the transfer of the Schwartz NV Property would have, and did, render Schwartz insolvent.

74.    At the time Schwartz transferred the Schwartz NV Property, Schwartz was indebted to Plaintiff, and Plaintiff has been damaged by the transfer.

WHEREFORE, Plaintiff prays for judgment against Schwartz, NS 1998 Family Trust, Triangle, and QPRT as follows:

A.    Voiding and setting aside Schwartz's transfer of the Schwartz NV Property to the NS Family 1998 Family Trust and subsequent transfer to QPRT;

B.    Voiding and setting aside the Triangle Deed of Trust;

C.    Against the NS Family 1998 Trust and QPRT, jointly and severally, for the value of the Schwartz NV Property;

D.    For an award of its attorneys' fees and costs pursuant to the terms of the GAC Loan Documents and Makena Loan Documents, applicable law, and the common law; and

E.    For such other and further relief as the Court deems just and appropriate.

### FOURTH CAUSE OF ACTION

### (Fraudulent Conveyance of Cash and Securities)

75.    Plaintiff incorporates all of the foregoing allegations of this Complaint as if fully set forth here.

76.    While the Guarantors were indebted to Plaintiff pursuant to the GAC Guaranty and Makena Guaranty, the Guarantors provided Plaintiff with financial statements.

77.    In 2009, Iny and the Iny Trust provided Plaintiff with financial statements dated as of December 31, 2008.  These 2008 Financial Statements show Iny and the Iny Trust holding $13,133,404 in cash on hand and $6,725,384 in marketable securities.

78.    In 2010, Iny and the Iny Trust provided Plaintiff with financial statements for the year ending December 1, 2009.  These 2009 Financial Statement showed $3,141,991 in cash on hand and $899,375 in marketable securities.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

79. Upon information and belief, Iny and the Iny Trust transferred more than $15 million in cash, cash equivalents and marketable securities to related party affiliates and individuals ("Iny Transferees") with the actual intent to hinder, delay, or defraud their creditors, including Plaintiff.

80. Upon information and belief, Iny and the Iny Trust transferred more than $15 million in cash, cash equivalents and marketable securities to the Iny Transferees without receiving reasonable equivalent value in exchange, and these transfers rendered Iny and the Iny Trust insolvent.

81. At the time Iny and the Iny Trust transferred the cash, cash equivalents, and marketable securities, Iny and the Iny Trust were indebted to Plaintiff, and Plaintiff has been damaged by the transfer.

82. In 2009, Schwartz and the Schwartz Trust provided Plaintiff with financial statements dated as of December 31, 2008. These 2008 Financial Statements show Schwartz and the Schwartz Trust holding $1,664,380 in cash on hand and $1,883,220 in marketable securities.

83. In 2010, Schwartz and the Schwartz Trust provided Plaintiff with financial statements for the year ending December 1, 2009. These 2009 Financial Statement showed $850,000 in cash on hand and $853,375 in marketable securities.

84. Upon information and belief, Schwartz and the Schwartz Trust transferred more than $1.8 million in cash, cash equivalents and marketable securities to related party affiliates and individuals ("Schwartz Transferees") with the actual intent to hinder, delay, or defraud their creditors, including Plaintiff.

85. Upon information and belief, Schwartz and the Schwartz Trust transferred more than $1.8 million in cash, cash equivalents and marketable securities to the Schwartz Transferees without receiving reasonable equivalent value in exchange, and these transfers rendered Schwartz and the Schwartz Trust insolvent.

86. At the time Schwartz and the Schwartz Trust transferred the cash, cash equivalents, and marketable securities, Schwartz and the Schwartz Trust were indebted to Plaintiff, and Plaintiff has been damaged by the transfer.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

WHEREFORE, Plaintiff prays for judgment against Guarantors, the Iny Transferees, and the Schwartz Transferees as follows:

A.   Voiding and setting aside the transfers of cash and securities by Iny and the Iny Trust;

B.   Against the Iny Transferees for the value of the cash and/or securities received;

C.   Voiding and setting aside the transfers of cash and securities by Schwartz and the Schwartz Trust;

D.   Against the Schwartz Transferees for the value of the cash and/or securities received;

E.   For an award of its attorneys' fees and costs pursuant to the terms of the GAC Loan Documents and Makena Loan Documents, applicable law, and the common law; and

F.   For such other and further relief as the Court deems just and appropriate.

## FIFTH CAUSE OF ACTION

### (Fraudulent Conveyance of Yony Properties)

87.   Plaintiff incorporates all of the foregoing allegations of this Complaint as if fully set forth here.

88.   While the Guarantors were indebted to Plaintiff pursuant to the GAC Guaranty and Makena Guaranty, the Guarantors provided Plaintiff with financial statements.

89.   In 2009, Iny and the Iny Trust provided Plaintiff with financial statements dated as of December 31, 2008.  These 2008 Financial Statements show Iny and the Iny Trust owning 100% of Yony Properties, Inc, a California corporation, ("Yony") valued then at $3,000,000.

90.   In 2010, Iny and the Iny Trust provided Plaintiff with financial statements for the year ending December 1, 2009.  These 2009 Financial Statement show Iny and Iny Trust as owning only a 1% interest in Yony valued at $49,000.

91.   Upon information and belief, Iny and the Iny Trust transferred 99% of their interest in Yony to an unknown third-party in exchange for a "private annuity."

92.   Iny and the Iny Trust transferred 99% of their interest in Yony with the actual intent to hinder, delay, or defraud their creditors, including Plaintiff.

93.   Upon information and belief, Iny and the Iny Trust transferred 99% of their interest in Yony without receiving reasonable equivalent value in exchange, and this transfer rendered Iny and the Iny Trust insolvent.

94.   At the time Iny and the Iny Trust transferred their interest in Yony, Iny and the Iny Trust were indebted to Plaintiff, and Plaintiff has been damaged by the transfer.

WHEREFORE, Plaintiff prays for judgment against Iny and the Iny Trust as follows:

A.   Voiding and setting aside the transfers of Yony stock by Iny and the Iny Trust;

B.   Garnishing or attaching any and all annuity payments that Iny or the Iny Trust receive as a result of their transfer of Yony stock;

C.   For an award of its attorneys' fees and costs pursuant to the terms of the GAC Loan Documents and Makena Loan Documents, applicable law, and the common law; and

D.   For such other and further relief as the Court deems just and appropriate.

Dated  August 28, 2013          LYNCH LAW PRACTICE

/s/ Michael F. Lynch
Michael F. Lynch
Nevada Bar No. 8555
8275 S. Eastern Avenue, Suite 200
Las Vegas, NV  89123
702.413.8282 (direct)
702.543.3279 (fax)
Michael@LynchLawPractice.com

*Attorneys for Wells Fargo Bank, N.A.*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA, 92612-4414

746535.1\0313491                                  13

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Wells Fargo Bank, National Association

### DEFENDANTS
Yoel Iny and Tikva Iny, husband and wife; Yoel Iny, as Trustee of the Y&T Iny Family Trust Agreement dated June 8,

(b) County of Residence of First Listed Plaintiff   **Minnehaha County, SD**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Los Angeles County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael F. Lynch, Esq., Lynch Law Practice, PLLC, 8275 S. Eastern Ave., Ste 200, Las Vegas, NV 89123 (702) 413-8282

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Fraudulent conveyance

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE   Hon. Mary Ann Murphy      DOCKET NUMBER  BC506473

DATE
08/28/2013

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td><td></td></tr>
</table>

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

 

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

 

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff(s)* | ) ) ) ) ) ) ) ) ) ) ) ) |
| v. | Civil Action No. |
| *Defendant(s)* |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>*Plaintiff(s)*</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>*Defendant(s)*</td><td>)</td><td></td></tr>
</table>

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _Plaintiff(s)_ | ) ) ) ) ) ) ) ) ) ) ) ) |
| v. | Civil Action No. |
| _Defendant(s)_ | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |

_Plaintiff(s)_

v.                                              Civil Action No.

_Defendant(s)_

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*