UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>           Plaintiff,<br><br>vs.<br><br>YOEL INY, et al.,<br><br>           Defendants. | Case No. 2:13-cv-01561-MMD-NJK<br><br>ORDER DENYING MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER<br>(Docket Nos. 57 and 58) |

Pending before the Court are Defendants' Motion to Quash Subpoenas and Motion For Protective Order, filed on April 1, 2014. Docket Nos. 57 and 58. For the reasons stated below, the motions are **DENIED** without prejudice.

**I.  BACKGROUND**

This case involves various fraudulent conveyance causes of action brought by Plaintiff Wells Fargo. Plaintiff alleges that Defendants Yoel and Tikva Iny, the Y&T Iny Family Trust, Noam and Rachel Schwartz, and the Noam Schwartz Trust (collectively, "Guarantors") are the guarantors of two loans from Plaintiff which have matured and not been repaid. *See* Compl. ¶ 18 (Docket No. 1). Plaintiff maintains that the Guarantors initiated fraudulent transfers to the other named Defendants in this case. *See* Pl.'s Opp'n to Defs.' Obj. to the Disc. Plan and Sched. Order and Mot. to Stay Disc., at 2 (Docket No. 55). Plaintiff brings claims for fraudulent conveyance of property, fraudulent conveyance of cash and securities, and fraudulent transfer of property. *See, e.g.*, Compl. at 6-13. Plaintiff seeks to recover damages, including attorneys' fees and costs, and seeks to void and set aside certain stock transfers. *Id.*

The pending matters before the Court relate to Plaintiff's subpoenas served on several banks and financial institutions seeking financial records. Defendants object to those subpoenas. Defendants filed the instant motions to quash those subpoenas and for a protective order only a few days prior to the

deadline for the banks to respond to them. Docket Nos. 57 and 58.

## II. ANALYSIS

The Court's initial inquiry regarding a motion for protective order is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 26(c)(1) requires that "the motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

The declaration and exhibits attached to the motions provide that, on March 21, 2014, counsel for Defendants sent an email to counsel for Plaintiff, which states that the email is to serve as "Defendants' attempt to meet and confer regarding the subpoena that was served by Wells Fargo on Bank of Nevada." Docket No. 57-1 at 4, 8. The declaration further states that Plaintiff's counsel responded by email, but that the email did not resolve all discovery issues. *Id*., at 4. Therefore,

according to the declaration, Defendants' counsel sent another email to Plaintiff's counsel on March 25, 2014, asking if the parties could speak on the telephone. *Id*. On March 26, 2014, Defendants' counsel again sent written correspondence to Plaintiff's counsel "setting forth Defendants' objections regarding the Subpoenas and requesting that Plaintiff agree" to certain conditions, including the entry of a stipulated protective order. *Id*., at 5. Defendants' counsel then attempted to call Plaintiff's counsel; Plaintiff's counsel left a return voice message stating he was starting trial, and could speak after the trial; and Defendants' counsel left another voice message for Plaintiff's counsel. *Id*. According to the declaration, the parties were never able to personally speak prior to the filing of the instant motion. *Id*., at 6. The exchange of letters or emails regarding discovery is not a sufficient meet and confer. *See, e.g., ShuffleMaster*, 170 F.R.D. at 172.[1]

Defendants' pending motions suffer from a threshold defect in that they do not contain a proper meet and confer certification. Accordingly, the Motion to Quash Subpoenas, Docket No. 57, and the Motion for Protective Order, Docket No. 58, are hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: April 9, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] It does not appear to the Court as if Plaintiff's counsel refused to engage in a meet and confer despite the efforts of Defendants' counsel. Rather, it appears he was preparing for and engaged in trial during this period of time. *See* Docket No. 57-1, at 11.