UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION<br><br>    Plaintiff,<br><br>vs.<br><br>YOEL INY, et al.<br><br>    Defendant(s). | Case No. 2:13-cv-01561-MMD-NJK<br><br>ORDER |

Pending before the Court is Defendants' Motion to Quash Subpoenas. Docket No. 62. The Court finds this matter is properly resolved without oral argument. *See* Local Rule 78-2. The Court has considered the Motion, Response, and Reply. Docket Nos. 62, 68, 72. The Motion to Quash is hereby **DENIED**.

**I. BACKGROUND**

This case involves various fraudulent conveyance causes of action brought by Plaintiff Wells Fargo. Plaintiff alleges that Defendants Yoel and Tikva Iny, the Y&T Iny Family Trust, Noam and Rachel Schwartz, and the Noam Schwartz Trust (collectively, "Guarantors") are the guarantors of two loans from Plaintiff which have matured and not been repaid. *See* Docket No. 1. Plaintiff maintains that the Guarantors initiated fraudulent transfers to the other named Defendants in this case. Docket No. 55, at 2. Plaintiff brings claims for fraudulent conveyance of property, fraudulent conveyance of cash and securities, and fraudulent transfer of property. Docket No. 1, at 6-13. Plaintiff seeks to recover damages, including attorneys' fees and costs, and seeks to void and set aside certain stock transfers. *Id.*

The pending matter before the Court relates to Plaintiff's subpoenas, which were served on several banks and financial institutions seeking financial records. Defendants object to those subpoenas. Defendants filed an initial motion to quash those subpoenas only a few days prior to the deadline for the banks to respond to them. Docket No. 57. On April 9, 2014, the Court denied without prejudice this initial motion to quash on the ground that the parties did not make a showing of adequate meet and confer efforts as required by Federal Rule of Civil Procedure 26(c)(1). Docket No. 61. The parties subsequently met and conferred in a manner sufficient to satisfy the requirements of Fed. R. Civ. P. 26(c)(1). Docket No. 62, at 6; Docket No. 62-1, at 6.

The parties were still unable to resolve their differences with respect to the subpoenas, however, and Defendants filed the instant Motion to Quash on April 10, 2014. Docket No. 62. Plaintiff filed its Response to the Motion to Quash on April 22, 2014. Docket No. 68. Defendants filed their Reply in Support of their Motion to Quash on April 28, 2014. Docket No. 72.

## II.   ANALYSIS

"The Federal Rules of Civil Procedure govern discovery in civil actions brought in the federal district courts." *See, e.g., Sneirson v. Chem. Bank*, 108 F.R.D. 159, 160-161 (D. Del. 1985). The Court's focus in deciding a motion to quash non-party subpoenas is whether the discovery sought is proper under Fed. R. Civ. P. 45, which governs discovery of non-parties through subpoenas. *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006).

### A.   Standing

Defendants seek to quash these subpoenas on the ground that they seek Defendants' bank and financial institution records. Defendants discuss the threshold issue as to whether Defendants have standing to move to quash subpoenas issued to third-party banks, but cite no Ninth Circuit authority in support of Defendants' contention that they possess such standing. As a general rule, a party has no standing to seek to quash a subpoena issued to a non-party to the action. *See, e.g.*, *Sneirson*, 108 F.R.D. at 160 n.2. Nonetheless, some courts have found that a party has standing to move to quash subpoenas where the party has "some personal right or privilege" in the documents sought. *See, e.g.*, *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010); <u>but see</u> *In re: Rhodes Cos.*, 475 B.R. 733, 740-41 (D. Nev. 2012) (Pro, J.) (declining to adopt a "personal right or privilege" standing

rule and holding that "only the party subject to the subpoena may bring a motion to quash under Rule 45(c)(3)(A)") and *Salem Vegas, L.P. v. Guanci*, 2013 WL 5493126, *2-3 (D. Nev. Sept. 30, 2013) (following *Rhodes*).

Moreover, assuming the Court does find that standing exists where "some personal right or privilege" is identified, it is unclear whether Defendants have such a personal right or privilege in their bank records. Once again, the case law is mixed. Some courts have found that standing does not exist. *See, e.g.*, *United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007) ("Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right"); *see also Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, 2011 WL 4573349, *4 (D. Nev. Sept. 29, 2011) (discussing *Gordon* in *dicta*), *amended on other grounds*, 2011 WL 5854714 (D. Nev. Nov. 21, 2011). But other courts have found a sufficient interest to establish standing. *See, e.g.*, *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003) (finding the movant had a sufficient "personal right" in its bank records to provide standing).[1]

Because the Court has not located clear guidance from the Ninth Circuit, the Court leaves for another day resolution of these standing issues. The Court will assume for purposes of this pending motion that standing exists and will address the motion on its merits.

**B.    Motion to Quash**

In analyzing any motion, the Court must determine the applicable standards. As noted above, this Court applies the Federal Rules of Civil Procedure, and Fed. R. Civ. P. 45 governs discovery of non-parties through subpoenas. "It is ... well established that the party [moving to quash a subpoena] bears the burden of showing why a discovery request should be denied." *Painters Joint Comm.*, 2011 WL 4573349, at *5 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Generally speaking, the Federal Rules of Civil Procedure allow parties to obtain discovery that is not privileged and that is relevant to a claim or defense of any party. *See, e.g.*, *id.* (quoting Fed. R. Civ. P. 26(b)).

---

[1] Defendants cite *Transcor* in support of their contention that they have a personal right relating to their bank records and thus possess standing to challenge the subpoenas. Docket No. 62, at 8.

Defendants appear to make two overarching arguments in seeking to quash the subpoenas. First, they argue that the Court should exercise its discretion to limit the discovery under the Fed. R. Civ. P. 26 standards incorporated into Fed. R. Civ. P. 45. Docket No. 62, at 5, 7-8. Second, they argue that the subpoenas are premature in light of Defendants' pending motion to stay and emergency motion for a hearing on motion for summary judgment. *Id.*, at 5, 9. The Court addresses each contention in turn.

        i.        *Discoverability Under Fed. R. Civ. P. 26*

The Court initially notes that there are limitations on discovery enunciated by the Federal Rules of Civil Procedure. "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint Comm.*, 2011 WL 4573349, at *5 (collecting cases).[2] As such, one of the Court's primary inquiries is whether the liberal standard of relevance is met.[3] *See, e.g., id.* In this case, Plaintiff has pled several causes of action for which these documents are relevant, including their claims of fraudulent conveyance of property, cash, and securities. Docket No. 1, at 6-13. In light of Plaintiff's allegations, Defendants' bank and financial records are relevant, *inter alia*, to Plaintiff's assertion that Defendants fraudulently conveyed assets to related companies while indebted to Plaintiffs. *See, e.g.*, Docket No. 36, at 7. Accordingly, the Court finds that the documents sought are relevant.

The Court is mindful, nonetheless, that Defendants have a privacy interest in the bank documents. As explained in the Court's separate Order addressing Defendants' Motion for Protective Order, however, that privacy concern can be addressed through entry of a stipulated protective order.

---

[2] In some cases involving tax documents, courts have applied a burden-shifting analysis modifying the generally-applicable discovery standards. *See, e.g., A. Farber & Partners Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006). That burden-shifting analysis was fashioned in response to public policy considerations related to tax returns. *See id.* (discussing *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225 (9th Cir. 1975)). Defendants provide no indication that similar policy considerations are at issue here, so the burden-shifting analysis is inapplicable. The Court notes, however, that the outcome of the pending motion would remain the same even under the burden-shifting analysis.

[3] The Court also balances the likely benefit of the documents against the burden or expense of the discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

*See, e.g.*, *In re Heritage Bond Litig.*, 2004 WL 1970058, *5 n.12 (C.D. Cal. July 23, 2004). Fed. R. Civ. P. 26(c) permits courts to issue a protective order upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

While Defendants assert vaguely that some of their banking records may contain "sensitive" information, Docket No. 62, at 9, they have failed to make a showing of harm or prejudice sufficient to deny the discovery. Indeed, the Court finds that Defendants' privacy concerns can be mitigated by subjecting the banking records to a stipulated protective order that limits the use of the documents and the people with access to them. *See, e.g.*, *Heritage Bond Litig.*, 2004 WL 1970058, at *5 n.12 ("Any privacy concerns [] defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter"). Moreover, as discussed above, Defendants' banking records are highly relevant to significant issues in this case for which discovery is required. Weighing the competing considerations, it is clear that any privacy concern is not sufficient here to warrant quashing the subpoenas.

In short, the Court finds the banking records sought through the third-party subpoenas are relevant and discoverable.

### ii. Pendency Of Defendants' Motions

Defendants further argue that the subpoenas are premature, and should therefore be quashed, in light of Defendants' pending motion to stay and emergency motion for a hearing on motion for summary judgment. Docket No. 62, at 5-6, 9. As discussed in the Court's Discovery Plan and Scheduling Order, the Court has already ruled that Defendants failed to make the required showing for the Court to grant a stay of discovery owing to the pendency of a potentially dispositive motion. Docket No. 44, at 2. The filing of an objection to a magistrate judge's order does not serve to automatically stay implementation of that order. *See, e.g.*, *Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, 2013 WL 5954470, *2 (D. Nev. Nov. 6, 2013); *DeLeon v. CIT Group, Inc.*, 2013 WL 950527, *1 (D. Nev. Mar. 11, 2013). Similarly, the filing of a motion to stay discovery does not automatically relieve the movant from

continuing to comply with its discovery obligations. *See, e.g., Willemihn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989).

Accordingly, the Court finds that the pendency of Defendants' above-referenced motions do not warrant denying Plaintiff access to the banking records sought through the third-party subpoenas.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Quash Subpoenas is hereby **DENIED**.

IT IS SO ORDERED.

DATED: May 6, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge