# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>       Plaintiff,<br><br>vs.<br><br>YOEL INY, et al.<br><br>       Defendant(s). | Case No. 2:13-cv-01561-MMD-NJK<br><br>ORDER |

Pending before the Court is Defendants' Motion for Protective Order. Docket No. 63. The Court finds this matter is properly resolved without oral argument. *See* Local Rule 78-2. The Court has considered the Motion, Response, and Reply. Docket Nos. 63, 69, 72. The Motion for Protective Order is hereby **GRANTED IN PART** and **DENIED IN PART**.

## I.     BACKGROUND

This case involves various fraudulent conveyance causes of action brought by Plaintiff Wells Fargo. Plaintiff alleges that Defendants Yoel and Tikva Iny, the Y&T Iny Family Trust, Noam and Rachel Schwartz, and the Noam Schwartz Trust (collectively, "Guarantors") are the guarantors of two loans from Plaintiff which have matured and not been repaid. *See* Docket No. 1. Plaintiff maintains that the Guarantors initiated fraudulent transfers to the other named Defendants in this case. *See* Docket No. 55, at 2. Plaintiff brings claims for fraudulent conveyance of property, fraudulent conveyance of cash and securities, and fraudulent transfer of property. Docket No. 1, at 6-13. Plaintiff seeks to recover damages, including attorneys' fees and costs, and seeks to void and set aside certain stock transfers. *Id.*

The pending matter before the Court relates to Plaintiff's subpoenas served on several banks and financial institutions seeking financial records. Defendants object to those subpoenas. Defendants filed an initial motion for protective order only a few days prior to the deadline for the banks to respond to the subpoenas. Docket No. 58. On April 9, 2014, the Court denied without prejudice this initial motion for protective order on the ground that the parties did not make a showing of adequate meet and confer efforts as required by Federal Rule of Civil Procedure 26(c)(1). Docket No. 61. The parties subsequently met and conferred in a manner sufficient to satisfy the requirements of Fed. R. Civ. P. 26(c)(1). Docket No. 63, at 6; Docket No. 63-1, at 6.

The parties were still unable to resolve their differences with respect to the subpoenas, however, and Defendants filed the instant Motion for Protective Order on April 10, 2014. Docket No. 63, at 6-7. Plaintiff filed its Response to the Motion for Protective Order on April 22, 2014. Docket No. 69. On April 23, 2014, the Court again denied without prejudice Defendants' motion for protective order, Docket No. 71, as the Court believed the parties were capable of crafting an appropriate protective order without Court involvement. The parties again failed to reach an agreement regarding a protective order, however, and Defendants filed their Reply in Support of their Motion for Protective Order on April 28, 2014. Docket No. 72.

**II.   DISCUSSION**

Plaintiff seeks a protective order pursuant to Fed. R. Civ. P. 26(c). This rule permits courts to issue a protective order limiting discovery requests upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). The Court can issue protective orders:

> (A) forbidding the disclosure or discovery;
> 
> (B) specifying terms, including time and place, for the disclosure or discovery;
> 
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> 
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

2

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c).

### A. Confidentiality of Defendants' Financial Records

Plaintiff served subpoenas for production of Defendants' financial records on six banks and financial institutions.[1] Defendants evince clear concern over the protection of their private financial information. *See, e.g.,* Docket No. 57, at 9 ("Account statements, canceled checks and other documents from these banks will contain confidential and otherwise sensitive information related to the Defendants"). Privacy concerns, however, can be addressed through entry of a stipulated protective order. *See, e.g.*, *In re Heritage Bond Litig.*, 2004 WL 1970058 (C.D. Cal. July 23, 2004). Here, the Court finds that Defendants' privacy concerns can be mitigated by subjecting the financial records to a stipulated protective order that limits the use of the documents and the people with access to them. *Id.* at *5 n.12 ("Any privacy concerns [] defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter").

Following the parties' meet and confer conference, it is clear that Plaintiff does not oppose the entry of a protective order regarding confidentiality. Docket No. 63, at 6. Accordingly, the Court **GRANTS** this part of Defendants' Motion for Protective Order, and Orders the parties to draft a stipulated protective order that limits the use of Defendants' financial documents and the people with access to them.

---

[1] Each of Plaintiff's subpoenas requested the following: "ALL DOCUMENTS from January 1, 2008 to December 31, 2011 ... including, but not limited to, periodic account statements, canceled checks, certificates of deposit, written COMMUNICATIONS and/or financial statements." Docket No. 63, at 4-5.

**B.     Scope of Plaintiff's Subpoenas**

  *i.     Time Period Requested*

Defendants seek to limit the time period of the financial records to be produced to the year 2009, reasoning that the improper conveyances alleged by Plaintiff only occurred during 2009, such that bank documents outside of 2009 are not relevant. Docket No. 63, at 5. The parties have already reached agreement on this issue as well, given that Plaintiff has already stated its willingness to limit the documents produced to the year 2009. Docket No. 69, at 4. Accordingly, the Court **GRANTS** this part of Defendants' Motion for Protective Order, and limits the production of documents to the year 2009.

  *ii.     Type of Documents Requested*

Defendants seek to limit the documents produced to only account statements, canceled checks, and certificates of deposit. Docket No. 63, at 6.

"A Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1), which limits discovery to 'any matter, not privileged, that is relevant to the claim or defense of any party in the pending action ...'" *Widevoice Commc'ns v. Qwest Commc'ns Co.*, 2012 U.S. Dist. LEXIS 58248, *10 (D. Nev. April 26, 2012) (Ferenbach, M.J.) (quoting *Old Towne Dev. Group, LLC v. Matthews*, 2009 WL 2021723, *1 (M.D. La. July 9, 2009). Relevance within the meaning of Fed. R. Civ. P. 26(b)(1) is considerably broader than relevance for trial purposes. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id.* "If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon a timely motion by the party served . . ." *Old Towne Dev. Group, LLC*, 2009 WL 2021723, at *1.

The Court does not agree that Plaintiff's request for written communications and financial statements[2] is overbroad or irrelevant, insofar as Plaintiff's request is "relevant to the claim[s]" which Plaintiff has advanced in this matter. *See Widevoice Commc'ns*, 2012 U.S. Dist. LEXIS 58248, at *10.

---

[2] The parties agree that account statements, canceled checks, and certificates of deposit are appropriately produced under Plaintiff's subpoenas. *See* Docket No. 63-1, at 23.

In seeking to flesh out the alleged fraudulent conveyances which form the basis of its allegations, Plaintiff is entitled access to written communications and financial statements from 2009 relating to Defendants that are in the possession of non-party financial institutions. Accordingly, the Court **DENIES** this part of Defendants' Motion for Protective Order.

## III. CONCLUSION

For the foregoing reasons, the Motion for Protective Order is **GRANTED IN PART AND DENIED IN PART**. The Court further **ORDERS** that the parties shall file a joint stipulated protective order that limits the use of Defendants' financial documents and the people with access to them, no later than May 12, 2014.

IT IS SO ORDERED.

DATED: May 6, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge