UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) Case No. 2:13-cv-01561-MMD-NJK |
| vs. | ) ORDER ) |
| YOEL INY, et al. | ) ) |
| Defendant(s). | ) ) |

Pending before the Court are Defendants' Motion for Clarification Regarding the Magistrate Judge's Order [Doc. 76] and Motion to Enter Protective Order Regarding Confidentiality. Docket Nos. 78, 79. The Court finds this matter is properly resolved without oral argument. *See* Local Rule 78-2. The Court has considered the Motions, Response, and Reply. Docket Nos. 78, 79, 81, 82. The Motions are hereby **DENIED**.

**I.    BACKGROUND**

This case involves various fraudulent conveyance causes of action brought by Plaintiff Wells Fargo. Plaintiff alleges that Defendants Yoel and Tikva Iny, the Y&T Iny Family Trust, Noam and Rachel Schwartz, and the Noam Schwartz Trust (collectively, "Guarantors") are the guarantors of two loans from Plaintiff which have matured and not been repaid. *See* Docket No. 1. Plaintiff maintains that the Guarantors initiated fraudulent transfers to the other named Defendants in this case. *See* Docket No. 55, at 2. Plaintiff brings claims for fraudulent conveyance of property,

fraudulent conveyance of cash and securities, and fraudulent transfer of property.  Docket No. 1, at 6-13.  Plaintiff seeks to recover damages, including attorneys' fees and costs, and seeks to void and set aside certain stock transfers.  *Id.*

The pending motions before the Court relate to Plaintiff's subpoenas served on several banks and financial institutions seeking financial records.  Defendants objected to those subpoenas.  Defendants filed an initial motion for protective order only a few days prior to the deadline for the banks to respond to the subpoenas.  Docket No. 58.  On April 9, 2014, the Court denied without prejudice this initial motion for protective order on the ground that the parties did not make a showing of adequate meet and confer efforts as required by Federal Rule of Civil Procedure 26(c)(1).  Docket No. 61.  The parties subsequently met and conferred in a manner sufficient to satisfy the requirements of Fed. R. Civ. P. 26(c)(1).  Docket No. 63, at 6; Docket No. 63-1, at 6.

The parties were still unable to resolve their differences with respect to the subpoenas, however, and Defendants filed an additional Motion for Protective Order on April 10, 2014.  Docket No. 63, at 6-7.  Plaintiff filed its Response to the Motion for Protective Order on April 22, 2014.  Docket No. 69.  On April 23, 2014, the Court denied without prejudice Defendants' motion for protective order, Docket No. 71, and found that the parties were capable of crafting an appropriate protective order without Court involvement.  The parties again failed to reach an agreement regarding a protective order, however, and Defendants filed their Reply in Support of their Motion for Protective Order on April 28, 2014.  Docket No.72.

On May 6, 2014, the Court issued two Orders.  First, the Court denied Defendants' Motion to Quash Subpoenas (Docket No. 62), on the grounds that the information sought in the subpoenas was both relevant and discoverable.  Docket No. 75.  Second, the Court granted in part and denied in part Defendants' Motion for Protective Order (Docket No. 63), restricting the time period encompassed by the subpoenas to the year 2009, and ordering the parties to file a joint stipulated protective order "that limits the use of Defendants' financial documents and the people with access to them[.]" Docket No 76, at 5.

Defendants subsequently circulated a proposed stipulated protective order to Plaintiff, which sought: *(a)* to shift the burden of proof with respect to the designation of a given document as

"confidential" from the designating party to the objecting party (Docket No. 79, at 6); *(b)* to designate all documents produced in response to the subpoenas as "Highly Confidential - Attorneys' Eyes Only" (*id.*, at 3-4, 6-7); and *(c)* to require that the subpoenaed documents be delivered to Defendants' counsel first, despite the fact that Plaintiff's counsel issued the subpoenas (*id.*, at 3-4).[1]

Plaintiff objected to the above provisions in Defendants' proposed stipulated protective order, and offered a series of revisions which included, *inter alia*, removal of the designation "highly confidential" from any stipulated protective order.[2]  Docket 81, at .  Plaintiff also insisted that the subpoenaed documents be initially produced to Plaintiff's office, duplicated, and then served on Defendants' office.  *Id.*, at 32.  Following receipt by Defendants, Plaintiff would then treat the subpoenaed documents as attorneys' eyes only ("AEO") for a period of five business days, in order to allow Defendants the opportunity to designate any subpoenaed documents as AEO.  *Id*.  Defendants rejected Plaintiff's proposal, as well as Plaintiff's proffered revisions to the stipulated protective order (*id.*, at 33-34, 36), and filed the instant motions on May 12, 2014.  Docket Nos. 78, 79.

**II.    DISCUSSION**

   A.    *The Designating Party Bears the Burden of Establishing Confidentiality.*

"In granting a stipulated protective order, the court delegates to the litigants significant discretion to decide what shall be treated as confidential." *Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 5349265, at *2 (N.D. Cal. Feb. 8, 2006) (*citing In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 41 (C.D. Cal. 1984)).  Here, the parties' competing protective orders differ in numerous respects, but most obviously with respect to which party bears the burden of proof with respect to a document designated as confidential. Plaintiff's version is as follows:

---

[1] Defendants attached a copy of their proposed Stipulated Confidentiality Agreement and Protective Order to the instant motion.  Docket No. 79, at 13-23.

[2] Plaintiff attached a copy of its proposed Stipulated Confidentiality Agreement and Protective Order as Exhibit A to its response to the instant motions.  Docket No. 81, at 8-18.

> If at any time any Party objects to the designation of any material as "CONFIDENTIAL" o [sic] or to a restriction on the use of such Confidential Material, the objecting party shall notify in writing the Party that made the designation. Within five (5) business dyas of the receipt of such notification, the counsel for the designating Party and the objecting Party shall meet and confer in an effort to resolve any disagreement. If the objection is not resolved, <u>the party designating the material</u> as Confidential Material shall, within ten (10) days of the conference, file and serve a noticed motion to resolve the dispute over the designation of the material and <u>shall bear the burden of proof on the issue</u>. If no such motion is filed within the state time period, the material will cease to be designated as Confidential Material and cease to be subject to the protection of this Confidentiality Order. The challenged Confidential Material shall continue to be treated as Confidential Material unless and until a final order is entered by the Court disapproving of its designation.

Docket No. 81, at 14 (emphasis added).

Defendants' provision, reproduced below, shifts the burden of proof to the objecting party:

> If at any time any Party objects to the designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" or to a restriction on the use of such Confidential Material, the objecting party shall notify in writing the Party that made the designation. Within five (5) business days of the receipt of such notification, the counsel for the designating Party and the objecting Party shall meet and confer in an effort to resolve any disagreement. If the Parties do not resolve their disagreement, <u>the objecting Party may apply to the Court for a ruling that information or material shall not be so designated</u>. The challenged Confidential Material shall continue to be treated as Confidential Material unless and until a final order is entered by the Court disapproving of its designation.

Docket No. 79, at 19-20 (emphasis added).

Plaintiff argues that Defendants' "attempt to shift the burden of establishing or challenging confidentiality to the objecting party is contrary to Rule 26(c) and not supported by any authority."[3] Docket No. 81, at 5. The Court agrees. When a confidentiality designation is challenged, the burden of persuasion to show good cause for such a designation rests upon the designating party. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted"), *citing Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not

---

[3] Fed R. Civ. P. 26(c) provides, in relevant part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

satisfy the Rule 26(c) test"); *see also San Jose Mercury News, Inc. v. U.S. Dist. Court - Northern Dist. (San Jose)*, 187 F.3d 1096, at 1102 (9th Cir. 1999) (holding that in order to show good cause for the granting of a protective order, the party must make a "particularized showing of good cause with respect to any individual document").

The Court therefore finds that Plaintiff's proposed language  - which allocates to the designating party the burden of proof with respect to the designation of a document as confidential - is consistent with the Federal Rules of Civil Procedure and the case law in this Circuit.

      B.    *Presumptively Designating All Subpoenaed Documents as "Highly Confidential - Attorney Eyes Only" would be Premature.*

In their motion, Defendants ask the Court to "clarify that the documents produced in response to the subpoenas shall be initially designated as 'Highly Confidential - Attorneys' Eyes Only.'" Docket No. 78, at 6.  With no documents in front of it, the Court declines to presumptively declare which of the subpoenaed documents may or may not be appropriately designated as confidential, Attorneys' Eyes Only, or not confidential at all.  Defendants are correct, however, that the language of the parties' protective order should allow for the designation of a category of documents as "Highly Confidential - Attorneys' Eyes Only."

The relevant portion of Plaintiff's proposed protective order allows a document to be designated as confidential, but does not contain language allowing for the designation of a document as "Highly Confidential - Attorneys' Eyes Only."  Docket No. 81, at 14.  Conversely, the language in Defendants' proposed protective order does allow for such a designation.  Docket No. 79, at 19-20.

Whether the designating party will be able to meet its burden of establishing that a document is "Highly Confidential - Attorneys' Eyes Only" is a separate inquiry from possessing the ability to so designate; just as the Court will not initially declare all of the subpoenaed documents as highly confidential, the Court will also not foreclose the possibility of an Attorneys' Eyes Only designation being appropriate with respect to some, all, or none of the documents produced pursuant to the subpoenas.  *See e.g., Janix, Inc. v. Wrhel*, 2012 WL 1657126, *4 (D. Nev. May 10, 2012) ("Plaintiffs may designate documents 'Highly Confidential: Attorney's Eyes Only', only to the extent Plaintiffs

believe that certain protected information is so sensitive that its dissemination deserves further limitation").

The Court therefore finds that the portion of Defendants' proposed language that allows for the possibility that a party may designate a given document as "Highly Confidential - Attorneys' Eyes Only" is appropriate.

    C.    *Third Party Documents Produced Pursuant to Subpoena Must be Produced to the Party Issuing Such Subpoena.*

The Court finds no basis for, and Defendants cite no authority in support of, Defendants' request that the subpoenaed documents be first produced to Defendants' counsel for review. Docket No. 78, at 3-4. Plaintiff issued the subpoenas, not Defendants. Docket No. 81, at 4. Moreover, Plaintiff has agreed to presumptively treat the subpoenaed documents as Attorneys' Eyes Only for five days following Defendants' receipt of the same, in order that Defendants might have the opportunity to designate the documents as they see fit. *Id.*, at 4. Per the provisions of the proposed protective order, Defendants will be given the opportunity to prevent the disclosure to non-counsel of any of the subpoenaed documents that they feel are entitled to Attorneys' Eyes Only status. The Court therefore declines to order that the subpoenaed documents be initially produced to any party other than the party which issued the subpoena(s).

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Clarification Regarding the Magistrate Judge's Order [Doc. 76] and Motion to Enter Protective Order Regarding Confidentiality (Docket Nos. 78 and 79) are hereby **DENIED**. The Court ORDERS the parties to meet and confer regarding a stipulated protective order that incorporates the substantive instructions articulated in this Order. The parties shall file a stipulated protective order no later than June 16, 2014.

IT IS SO ORDERED.

DATED: June 9, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge