UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wells Fargo Bank, National Association,<br><br>Plaintiff,<br>v.<br><br>Yoel Iny and Tikva Iny, husband and wife, et al.,<br><br>Defendants. | Case No. 2:13-cv-01561-MMD-NJK<br><br>ORDER<br><br>(Defs' Motion for Summary Judgment – dkt. no. 24; Def's Motion to Dismiss – dkt. no. 31; Plf's Motion to Amend – dkt. no. 39; Defs' Objections or Motion for District Judge to Reconsider Scheduling Order – dkt. no. 49; Defs' Emergency Motion for Hearing – dkt. no. 50) |

**I.   SUMMARY**

Before the Court are Defendants' Motion for Summary Judgment (dkt. no. 24) and Emergency Motion for Hearing regarding their Motion for Summary Judgment (dkt. no. 50). For the reasons set out below, consideration of these motions is reserved until the Court has had an opportunity to consider whether this action should be stayed.

Also before the Court are Defendant Ronnie Schwartz's Motion to Dismiss (dkt. no. 31), Plaintiff Wells Fargo Bank's Motion to Amend (dkt. no. 39) and Defendants' Objections or Motion for District Judge to Reconsider Scheduling Order (dkt. no. 49). For the reasons set out below, Ronnie Schwartz's Motion to Dismiss (dkt. no. 31) and Plaintiff Wells Fargo Bank's Motion to Amend (dkt. no. 39) are granted. Defendants' Objections or Motion for District Judge to Reconsider Scheduling Order (dkt. no. 49) are overruled and denied.

## II. BACKGROUND

Plaintiff filed the Complaint on August 28, 2013, against Defendants Yoel Iny, individually and as trustee of the Y&T Iny Family Trust ("Iny Trust"), Yoel Iny's wife Tikva Iny, Noam Schwartz, individually and as trustee of the Noam Schwartz Trust ("Schwartz Trust"), Noam Schwartz's wife Rachel Elmalam, 613 Investments, LLC, Ronnie Schwartz, as trustee of the NS 1998 Family Trust, Rachel Schwartz, as trustee of the Leenoy Coreen Qualified Personal Retirement Trust, Triangle Trading Ltd., Haskel Iny, Nira Sayegh and doe defendants. (Dkt. no. 1.) The Complaint collectively refers to Yoel Iny, the Iny Trust, Noam Schwartz and the Schwartz Trust as "Guarantors". (*Id.* at 2 ¶10.)

The Complaint alleges the following. On or about February 28, 2008, Plaintiff made a loan to borrower GAC Storage El Monte, LLC for $12,650,000 ("GAC Loan") and Guarantors executed and delivered a guaranty to Plaintiff jointly and severally guaranteeing GAC Storage El Monte, LLC's payment and performance ("GAC Guaranty"). (*Id.* at 4.) On or about September 10, 2007, Plaintiff made a loan to borrower The Makena Great American Anza Company, LLC for $15,150,000 ("Makena Loan") and Guarantors executed and delivered a guaranty to Plaintiff jointly and severally guaranteeing The Makena Great American Anza Company, LLC's payment and performance ("Makena Guaranty"). (*Id.* at 5.) The borrowers defaulted under both loans and, despite demand, the borrowers and the Guarantors did not, and have not, cured the defaults. (*Id.* at 4-6.)

On June 19, 2012, Plaintiff brought an action against Guarantors in Arizona Superior Court for breach of the GAC Guaranty and Makena Guaranty ("Arizona Litigation"). (*Id.* at 6.) In the instant action, Plaintiff does not seek enforcement of the guaranties or assert any deficiency claims against Guarantors. Instead, the Complaint asserts fraudulent transfer claims, alleging that Plaintiff has a right to payment under the GAC Guaranty and Makena Guaranty, and that Defendants were involved in the transfer

///

of assets with the purpose of hindering, delaying or defrauding their creditors, including Plaintiff.

On May 9, 2013, Plaintiff completed non-judicial foreclosure sales of the GAC and Makena properties. (See dkt. no. 24 at 3-4; dkt. no. 36 at 6.)

Defendants filed a Motion for Summary Judgment (dkt. no. 24) and an Emergency Motion for Hearing on the Motion for Summary Judgment (dkt. no. 50). Plaintiff filed oppositions to both motions (dkt. nos. 36 and 56) and Defendants replied (dkt. nos. 40 and 60). Defendant Ronnie Schwartz filed a Motion to Dismiss (dkt. no. 31), Plaintiff filed an opposition (dkt. no. 38) and Ronnie Schwartz filed a reply (dkt. no. 41). In response to Ronnie Schwartz's Motion to Dismiss, Plaintiff filed a Motion to Amend. (Dkt. no. 39.) Defendants filed an opposition to Plaintiff's Motion to Amend (dkt. no. 46) and Plaintiff filed a reply (dkt. no. 48). Lastly, Defendants filed Objections to a February 19, 2014, scheduling order entered by Magistrate Judge Nancy Koppe. (Dkt. no. 49.) Plaintiff filed an opposition to the objections (dkt. no. 55) and Defendants filed a reply (dkt. no. 65).

### III. DISCUSSION

#### A. Defendants' Motion for Summary Judgment and Emergency Motion for Hearing

In their Motion for Summary Judgment, Defendants argue that Plaintiff does not have an enforceable debt against the Guarantors and therefore cannot maintain a fraudulent transfer action. Under the Uniform Fraudulent Transfer Act, a creditor may bring a fraudulent transfer claim, and a creditor is defined as one who holds a "claim" against a debtor. See Ariz. Rev. Stat. Ann. § 44-1001(4); NRS 112.150(4). A "claim" is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." See Ariz. Rev. Stat. Ann. § 44-1001(2); NRS 112.150(3). Defendants argue that, as a result of Plaintiff's actions pursuing non-judicial foreclosure and failing to preserve deficiency rights against the borrowers themselves, Plaintiff has destroyed Guarantors' rights of subrogation against the borrowers and

3

consequently released Guarantors from liability under the GAC Guaranty and Makena Guaranty. (See dkt. no. 24 at 7.)

The issue of whether the Guarantors' debt is legally enforceable is a matter that is already pending in the Arizona Litigation, where Plaintiff is suing to enforce the guaranties. Indeed, Defendants state in their Emergency Motion that the Arizona Litigation "involves the same issue regarding liability on the Guaranty Agreements." (Dkt. no. 50 at 3.) Plaintiff represents in its opposition to the Emergency Motion, that Plaintiff has filed the same Motion for Summary Judgment in the Arizona Litigation. (Dkt. no. 56 at 3.) The Arizona Litigation was initiated prior to the present action and Plaintiff's fraudulent transfer claims in the present action appear to be ancillary to the claims in the Arizona Litigation. The Arizona court's decision as to the enforceability of the GAC Guaranty and Makena Guaranty could potentially prove to be dispositive as to the fraudulent transfer claims asserted against the Defendants in this action. Thus, in an effort to conserve judicial resources and avoid inconsistent judgments, the Court is inclined to stay this action until the Arizona Litigation is resolved.

The parties are permitted ten (10) days to file supplemental briefs, limited to five (5) pages, on whether this action should be stayed pending resolution of the Arizona Litigation. The parties are not required to file briefs and may choose to forego briefing on this topic. The Court reserves decision as to Defendants' Motion for Summary Judgment (dkt. no. 24) and Emergency Motion for Hearing regarding their Motion for Summary Judgment (dkt. no. 50) until the Court has had an opportunity to address the issue of a stay pending resolution of the Arizona Litigation.

### B. Defendant Ronnie Schwartz's Motion to Dismiss and Plaintiff's Motion to Amend

#### 1. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Fed. R. of Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

**2.  Analysis**

Ronnie Schwartz is named as Defendant in his capacity as trustee of the NS 1998 Family Trust. He now moves for dismissal, arguing that he resigned as trustee on June 7, 2010, and NST Holdings, Inc. was appointed as successor trustee. (Dkt. no. 31 at 2–3.) The Complaint alleges that Ronnie Schwartz, as trustee of the NS 1998 Family Trust, conveyed property to Rachel Schwartz, as trustee of the Leenoy Coreen Qualified Personal Retirement Trust in or about December, 2011. (Dkt. no. 1 at 9 ¶68.) Ronnie Schwartz attaches the deed of sale related to the alleged transaction, recorded with the Clark County Recorder on December 30, 2011, which identifies NST Holdings, Inc. as trustee of the NS 1998 Family Trust. (*See* dkt. no. 31, Ex. 1.) The authenticity of this document is not questioned and the document was recorded. Further, Plaintiff

///

acknowledges that NST Trust Holdings, Inc. should be named as trustee in the Complaint instead of Ronnie Schwartz. (Dkt. no. 38 at 2-3.)

In Nevada, a claim against a trust "may be asserted against the trust by proceeding against the trustee in the capacity of representative, whether or not the trustee is personally liable on the claim." NRS 163.120(1). Here, Plaintiff fails to sufficiently plead a cause of action for fraudulent transfer against the NS 1998 Family Trust because the Complaint fails to assert the cause of action against NST Trust Holdings, Inc. in its capacity as representative of the NS 1998 Family Trust. As Ronnie Schwartz, in his capacity as trustee, was improperly named as a Defendant in this action, he is dismissed.

Ronnie Schwartz's request for attorneys' fees is denied. NRS § 18.010(2) allows for the Court to grant attorneys' fees where a claim "was brought or maintained without reasonable ground or to harass the prevailing party." Ronnie Schwartz states that he resigned as trustee on June 7, 2010. The Complaint contains key factual allegations relating to the fraudulent transfer claim that occurred prior to Ronnie Schwartz's resignation, including the conveyance of property in or about January 2010. (*See* dkt. no. 1 at 9 ¶62.) The claim asserted against Ronnie Schwartz appears to be an oversight and there is nothing in the record to support a theory of harassment. The request for attorneys' fees is denied.

### 3.  Motion to Amend

Fed. R. Civ. P. 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a). Otherwise, a party must seek leave of court to amend a pleading. Fed.R.Civ.P. 15(a)(2).

While the court should freely give leave to amend when justice requires, leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought

in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, Plaintiff's proposed First Amended Complaint merely seeks to substitute NST Holdings, Inc. for Ronnie Schwartz as trustee of the NS 1998 Family Trust. (*See* dkt. no. 39.) The proposed First Amended Complaint thus names "NST Holdings, Inc., as Trustee of the NS 1998 Family Trust" as a Defendant in this action. (*Id.*, Ex. A at 1.) Defendants do not object to the proposed amendment. (Dkt. no. 46 at 2.) The proposed amendment is not futile, is not sought in bad faith, and does not appear to result in any prejudice to the opposing party or undue delay. Accordingly, Plaintiff's Motion to Amend is granted.[1]

### C. Objections to Magistrate Judge's Scheduling Order

#### 1. Legal Standard

LR IB 3-1(a) provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3 where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." LR IB 1–3 states that "[a] magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." The determination of pretrial discovery matters are not specifically enumerated as exceptions under 28 U.S.C. § 636(b)(1)(A). Thus, the Court may only reconsider Judge Koppe's scheduling order if it is clearly erroneous or contrary to law. *See* LR IB 3-1(a); Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide ... [t]he district judge in the

---

[1] Plaintiff asks the Court to grant its Motion to Amend and deny Ronnie Schwartz's Motion to Dismiss as moot instead of granting both motions. (Dkt. no. 48 at 2.) The Court finds it is appropriate to grant Ronnie Schwartz's Motion to Dismiss so that he may be dismissed from this action.

7

1   case must consider timely objections and modify or set aside any part of the order that is
2   clearly erroneous or is contrary to law.")

3         This standard of review is significantly deferential to the initial ruling. "A finding is
4   clearly erroneous when although there is evidence to support it, the reviewing body on
5   the entire evidence is left with the definite and firm conviction that a mistake has been
6   committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation
7   omitted). The order "is afforded broad discretion, which will be overruled only if abused."
8   *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The Court
9   "may not simply substitute its judgment for that of the deciding court." *Grimes v. City &*
10  *Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is 'contrary to law'
11  if it applies an incorrect legal standard or fails to consider an element of the applicable
12  standard." *Conant v. McCoffey*, C 97–0139, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16,
13  1998).

14        **2.   Analysis**

15        In a scheduling order entered February 19, 2014, Magistrate Judge Nancy Koppe
16  determined that Defendants "failed to make the required showing for the Court to grant a
17  stay of discovery." (Dkt. no. 44.) Defendants argue that Judge Koppe "did not fully apply
18  the correct legal standard in summarily rejecting Defendants' request to stay discovery."
19  (Dkt. no. 49 at 5.) Defendants acknowledge, however, that there is no controlling legal
20  standard to apply. (*Id.* at 6.) Indeed, district courts have broad discretion to manage
21  discovery. *See, e.g., Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Judge
22  Koppe set out the factors that she considered in determining that Defendants did not
23  make the proper showing for a stay and instructed Defendants to seek a stay of
24  discovery or deadline extension from the Court if they wish to delay or extend deadlines
25  in the future. Defendants' objections are overruled and denied.
26  ///
27  ///
28  ///

## IV. CONCLUSION

It is therefore ordered that Defendant Ronnie Schwartz's Motion to Dismiss (dkt. no. 31) is granted. Ronnie Schwartz is hereby dismissed from this action. Ronnie Schwartz's request for attorneys' fees is denied.

It is further ordered that Plaintiff Wells Fargo Bank's Motion to Amend (dkt. no. 39) is granted. Plaintiff is granted leave to file its proposed First Amended Complaint.

It is further ordered that Defendants' Objections or Motion for District Judge to Reconsider Scheduling Order (Dkt. no. 49) are overruled and denied.

The Court reserves judgment on Defendants' Motion for Summary Judgment (dkt. no. 24) and Emergency Motion for Hearing regarding their Motion for Summary Judgment (dkt. no. 50). The parties are permitted ten (10) days to file supplemental briefs, limited to five (5) pages per brief, on whether this action should be stayed pending resolution of the Arizona Litigation.

DATED THIS 13th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE