RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
BART K. LARSEN, ESQ.
Nevada Bar No. 008538
E. DANIEL KIDD, ESQ.
Nevada Bar No. 010106
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145
Telephone:  (702) 362-7800
Facsimile:  (702) 362-9472
E-Mail:     rhoward@klnevada.com
            blarsen@klnevada.com
            dkidd@klnevada.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>YOEL INY and TIKVA INY, husband and wife; YOEL INY, as trustee of the Y&T INY FAMILY TRUST AGREEMENT, dated June 8, 1994; NOAM SCHWARTZ and RACHEL ELMALAM, husband and wife; NOAM SCHWARTZ, as trustee of the NOAM SCHWARTZ TRUST, dated August 19, 1999; 613 INVESTMENTS, LLC, a Nevada limited liability company; RONNIE SCHWARTZ, as trustee of the NS 1998 FAMILY TRUST; RACHEL SCHWARTZ, as trustee of the LEENOY COREEN QUALIFIED PERSONAL RETIREMENT TRUST; TRIANGLE TRADING, LTD, a Nevada corporation; HASKEL INY, an individual; NIRA SAYEGH, an individual; and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 2:13-cv-1561-MMD-NJK<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>**AS AMENDED, PAGE 6.** |

　　　WHEREAS Plaintiff WELLS FARGO BANK, N.A. ("Plaintiff") and Defendants YOEL INY and TIKVA INY, husband and wife; YOEL INY, as trustee of the Y&T INY FAMILY TRUST AGREEMENT, dated June 8, 1994; NOAM SCHWARTZ and RACHEL ELMALAM,

1 husband and wife; NOAM SCHWARTZ, as trustee of the NOAM SCHWARTZ TRUST, dated August 19, 1999; 613 INVESTMENTS, LLC, a Nevada limited liability company; RACHEL SCHWARTZ, as trustee of the LEENOY COREEN QUALIFIED PERSONAL RESIDENCE TRUST (incorrectly named the LEENOY COREEN QUALIFIED PERSONAL RETIREMENT TRUST in the Complaint); TRIANGLE TRADING, LTD, a Nevada corporation; HASKEL INY, an individual; and NIRA SAYEGH, an individual (collectively, "Defendants") (Plaintiff and Defendants may be referred to collectively herein as the "Parties" or separate as a "Party"), are engaged in pretrial discovery in the above-captioned litigation;

WHEREAS the Parties or third parties not named in this litigation ("Third Parties") may be required, under Federal Rules of Civil Procedure or pursuant to written discovery requests, to produce documents and/or information that contain proprietary information, sensitive financial information, confidential information, documents containing business procedures and/or policies that they have a desire to remain confidential, and/or trade secrets (hereinafter "Confidential Material");

WHEREAS, in light of the foregoing, the Parties have agreed to establish procedures to protect the confidentiality of the Confidential Material disclosed by any Party or Third Party;

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties, through their respective attorneys of record, and it is respectfully requested that the Court enter an Order, as follows:

**A. Definition of "Confidential Material"**

1. The term "Confidential Material" shall include all information, documents and other materials revealed or disclosed during the proceedings or trial of the above matter that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" in the manner set forth in Paragraphs 3 and 4 of this Protective Order. "Confidential Material" shall mean material that is maintained as confidential in the normal course of business by a person or legal entity producing same or in dealings related to the Parties and shall include, without limitation, confidential proprietary, trade secret, technical, research, commercial or

//

financial information within the scope of Fed. R. Civ. P. 26(c)(1)(G) or as otherwise provided by law.

2. Except as specifically authorized by this Court, Confidential Material shall not be disclosed or revealed to anyone not authorized by this Order to receive such Confidential Material and shall be used only for the purpose of preparing for or conducting this litigation. Prior to the disclosure of any Confidential Material, all persons to whom Confidential Material is disclosed (i) shall be informed of and served with a copy of this Protective Order or (ii) shall sign <u>Exhibit A</u> hereto, which shall be as detailed in Paragraph 8 below.

**B. Designation of Confidential Material**

3. Any information or document produced by in this litigation by any Party or Third Party may be designated as Confidential Material by the Third Party producing it or by any Party regardless of the source of production by designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" and so marking such documents on the face of the documents at the time of production. A producing Third Party or a designating Party shall designate as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" only information that the producing Third Party or designating Party believes in good faith to contain Confidential Material or other confidential or proprietary information which is so sensitive that, if disclosed to the other party, might cause harm, loss of privacy and/or competitive damage to the producing Third Party or designating Party or otherwise reveal sensitive, personal information. The Parties must retain copies of all documents designated as Confidential Material that they produce or receive in this litigation until there has been a settlement or final judgment in this litigation.

4. Any Party or any Third Party giving deposition testimony in this litigation (a "Deponent") may, provided a good faith basis exists, designate any or all of the deposition testimony constituting Confidential Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." A Party may designated any or all of a Deponent's deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" regardless of the source of the testimony. Deposition testimony shall only be designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" if the

1  Deponent or designating Party believes it in good faith to contain Confidential Material which is
2  permitted hereunder to be designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES
3  ONLY." The Deponent or Party desiring to designate any portion of a deposition as Confidential
4  Material may do so on the record while the deposition is being taken or, alternatively, the
5  transcript of the deposition (or of any other testimony) may be designated as containing
6  Confidential Material in accordance with this Order by notifying the Parties and the Deponent in
7  writing within thirty (30) days of receipt of the transcript that it contains Confidential Material
8  and the specific testimony claimed to be confidential. Except for any deposition or portion
9  thereof designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," all deposition
10 transcripts shall be treated as "HIGHLY CONFIDENTIAL" and subject to this Protective Order
11 until such thirty-day period has expired.

**C. Use of Confidential Material**

5.  Confidential Material shall be handled, filed, possessed and treated strictly in accordance with the provisions of this Protective Order and may be used or disclosed only as specified in this Protective Order, and it is the responsibility of every person receiving Confidential Material to safeguard all such material from improper disclosure and compliance with this Protective Order.

6.  Access to Confidential Material designated as "CONFIDENTIAL" shall be strictly limited to:

    a.  Outside Counsel for the Parties to this litigation and administrative employees of outside counsel who are assisting in the prosecution or defense of this litigation.

    b.  Outside experts and consultants who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this litigation. For purposes of this Protective Order, the phrase "outside experts and consultants" shall not include any employee or affiliate of the Parties.

    c.  The personnel of the Parties who have a need to know same in connection with the Party's prosecution, defense or decision making process of this litigation.

    d.  Deponents or other witnesses while testifying under oath in this litigation but

only to the extent such disclosure is reasonably necessary for a Party's prosecution or defense of this litigation.

   e. Court personnel in the conduct of their official duties and the trier of fact.

   f. Certified court reporters or videographers retained by, or at the direction of, outside counsel for the purpose of documenting and maintaining a record of witness testimony. Copies of Confidential Materials that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

   g. Mediators, and/or any other neutrals, appointed to conduct any settlement proceedings or negotiations between the Parties.

   h. Duplicating services, and auxiliary services of a like nature, routinely engaged by counsel for the Parties.

  7. Access to Confidential Material designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall be strictly limited to the persons listed in paragraphs 6(a), 6(b), 6(d), 6(e), 6(f), 6(g), and 6(h). Confidential Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall not be disclosed to any Party except as expressly permitted under this Confidential Agreement.

  8. Notwithstanding the foregoing, Confidential Material shall not be disclosed to any person unless and until such person has agreed in writing to be bound by the terms of this Protective Order. The requirement of obtaining such written agreement shall be satisfied by obtaining the signature of each person to whom Confidential Material is disclosed on the Confidentiality Agreement attached as Exhibit A hereto.

  9. Nothing contained in this Protective Order shall be construed to constitute a waiver of any Party's right to claim, within thirty (30) days after its disclosure, that a document not designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" is in fact Confidential Material within the terms of this Protective Order, including documents produced by Third Parties.

  10. //

11. Nothing herein is intended to preclude any Third Party or Party from disclosing its own Confidential Material to any person to whom the producing Third Party or Party is otherwise permitted to disclose the Confidential Material in compliance with all applicable laws, regulations, or customary practices governing such disclosure.

13. Inadvertent production of a privileged or confidential document does not constitute a waiver of such privilege or confidential status. If the Parties or any Third Party inadvertently produces documents or information that are considered privileged or otherwise protected from disclosure, in whole or in part, or learns of the production of documents or information containing believed to be is privileged or otherwise protected from disclosure, the Parties may be entitled to retrieve such documents or information as follows:

    a. Within ten (10) days of the date of discovery, the Party or Third Party seeking to retrieve such documents or information shall give written notice to all other Parties of the claimed privilege or other protection from disclosure, as well as the factual basis for asserting it and the detailed chronology related to such claim. In the event that only part of a document is claimed to be privileged or otherwise protected from disclosure, the Party giving notice shall also furnish to the other Parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected.

//

    b. In the event the Party possessing such material is satisfied that the production was inadvertent based upon the submission pursuant to Paragraph 12(a), the document at issue and all copies thereof shall promptly be returned to the producing Party.

    c. In the event the Party possessing such material contests the claim that it was inadvertently produced, the matter shall be presented to the Court on motion by the Party claiming the inadvertent production.

    d. The provisions of Paragraphs 12(a) and 12(b) are without prejudice to any other rights any Party may have with respect to challenging or defending any claim of privilege or protection from disclosure.

  14. In the event that any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a Party, or (c) is served with any other legal process by a person or entity not a party to this litigation, and is requested to produce or otherwise disclose information that was designated as Confidential Material in this action, the Party from whom information is sought shall object to production of the Confidential Material and shall give prompt written notice to the other Parties to this litigation. The notice shall include a copy of any such subpoena, demand, or other process. Should the person or entity seeking access to the Confidential Material take action against the Party from whom the information is sought to enforce such a subpoena, demand or other legal process, the Party from whom the information is sought shall respond by setting forth the existence of this Protective Order.

  15. There shall be no obligation to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" designation when made, and failure to do so when the designation is made shall not preclude a subsequent challenge. If at any time any Party objects to the designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or to a restriction on the use of such Confidential Material, the objecting Party shall notify in writing the Party that made the designation. Within five (5) business days of the receipt of such notification, counsel for the designating Party and the objecting Party shall meet and confer in an effort to resolve any disagreement. If the Parties do not resolve their disagreement, the party designating the material as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall, within ten (10) business days of the conference, file and serve a motion to resolve the dispute over the designation of the material, and shall bear the burden of proving that the designation is appropriate. If no such motion is filed within the stated time period, the material will cease to be designated as Confidential Material and cease to be subject to the protection of this Confidentiality Order. If such a motion is filed within the stated time period, the challenged Confidential Material shall continue to be treated as designated unless and until a final order is entered by the Court disapproving of its designation.

16. Counsel for Plaintiff agrees to presumptively treat any documents that are subpoenaed from non-parties as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" from the time that they are produced by the subpoenaed party up to and including five (5) business days after Defendants' receipt of the subpoenaed documents, in order to allow Defendants the opportunity to designate the documents as appropriate.

17. Within thirty (30) calendar days after the termination of this action and the expiration of any and all rights of appeal or further appeal or the expiration of time to seek leave to appeal, all persons or entities that have received Confidential Material shall return all such Confidential Information to counsel for the designating Party or Third Party. As an alternative to returning such Confidential Material, such persons or entities may certify in writing for the producing Party or Third Party that they have destroyed all unreturned Confidential Material. Where a Party has provided Confidential Material to an outside expert or consultant or any other person or entity, it shall be the responsibility of that Party to obtain the return or destruction of the Confidential Material from such expert or consultant. This paragraph does not apply to the copies of Confidential Material that have been submitted to and are in the possession of the Court. This Protective Order shall not preclude the use or disclosure of any Confidential Material during the trial of this action, subject to the right of any Party to seek an Order from the Court governing use of the Confidential Material at trial.

18. Nothing in this Order shall be deemed a waiver of any right any Party might have under the Federal Rules, the attorney-client privilege, the attorney work product doctrine, or

otherwise

19. This Protective Order shall survive the final disposition of this litigation and continue in full force and effect and the Court shall retain jurisdiction to enforce this Protective Order.

20. This Protective Order may only be amended or modified by written agreement of the Parties hereto and approved by this Court, or by order of this Court.

21. This Order shall not prevent any of the parties from moving this Court for an order that Confidential Material may be disclosed other than in accordance with this Order. This Order is without prejudice to the right of any party to seek modification, amendment, or rescission of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court. The Court shall have continuing jurisdiction to modify, amend or rescind this Order notwithstanding the termination of this action.

Dated this 16th day of June, 2014.

| Stipulated and agreed by: | Stipulated and agreed by: |
|---|---|
| /s/ Jacob Maskovich, Esq. | [signature] |
| JACOB MASKOVICH, ESQ. (Pro Hac Vice)<br>**BRYAN CAVE LLP**<br>Two North Central Avenue, Suite 2200<br>Phoenix, Arizona 85004-4406<br>and<br>MICHAEL F. LYNCH, ESQ.<br>Nevada Bar No. 8555<br>**LYNCH LAW PRACTICE, PLLC**<br>8275 S. Eastern Avenue, Suite 200<br>Las Vegas, NV 89123<br>*Counsel for Wells Fargo Bank, N.A.* | RANDOLPH L. HOWARD, ESQ.<br>Nevada Bar No. 006688<br>BART K. LARSEN, ESQ.<br>Nevada Bar No. 008538<br>E. DANIEL KIDD, ESQ.<br>Nevada Bar No. 010106<br>**KOLESAR & LEATHAM**<br>400 South Rampart Blvd., Suite 400<br>Las Vegas, Nevada 89145<br><br>*Counsel for Defendants* |

### ORDER

Based upon the Parties' stipulation, **IT IS SO ORDERED** that the terms of this Stipulated Confidentiality Agreement and Protective Order shall govern the production of Confidential Material, as defined herein, for the above-captioned litigation.

//

//

**IT IS FURTHER ORDERED** that this Court shall have jurisdiction over the Parties hereto for the purpose of enforcing the terms and conditions of this Confidentiality Agreement.

Dated June 18, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

Respectfully submitted by,

**KOLESAR & LEATHAM**

_____
RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
BART K. LARSEN, ESQ.
Nevada Bar No. 008538
E. DANIEL KIDD, ESQ.
Nevada Bar No. 010106
400 South Rampart Blvd., Suite 400
Las Vegas, Nevada 89145

*Counsel for Defendants*

# **EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that (s)he has carefully read the Protective Order entered by the Court on _____ in the above-captioned action and understands the terms and significance thereof, and agrees, upon threat of penalty of contempt, to be bound by each term of each Paragraph of the Protective Order.  In particular, the undersigned understands that the terms of said Protective Order obligate him/her to use Confidential Material solely for the purposes of this litigation as permitted by this Protective Order and to not disclose any such Confidential Material except as specifically authorized in the Protective Order.  Further, for the purpose of enforcing this Confidentiality Agreement, the undersigned hereby subjects himself/herself to the personal and subject matter jurisdiction of this Court.

Date: _____     Signature: _____