UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>YOEL INY, et al.<br><br>　　　　　Defendants. | Case No. 2:13-cv-01561-MMD-NJK<br><br>ORDER<br><br>(Docket No. 83) |

Before the Court is Plaintiff's Motion to Extend Scheduling Deadlines by Ninety (90) Days. Docket No. 83. The Court has considered Plaintiff's motion and Defendants' response.[1] Docket Nos. 83, 84.

**I.　DISCUSSION**

The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b) *and* Local Rule 26-4.[2] The good cause inquiry focuses primarily on the movant's diligence. *See Coleman*

---

[1] Defendants' response is titled "Defendants' Limited Opposition to Plaintiff's Motion to Extend Scheduling Deadlines by Ninety (90) Days." Docket No. 84. Plaintiff did not file a reply in support of its motion.

[2] The "good cause" standard outlined in Local Rule 26-4 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

1  *v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). "Good cause" to extend a deadline exists
2  "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975
3  F.2d at 609.

4      Plaintiff requests that the Court extend all of the current deadlines in this case by ninety days "so
5  as to allow the parties additional time to complete discovery." Docket No. 83, at 1. In support of its
6  request, Plaintiff states that it "has not received any document discovery from Defendants or relevant
7  third-party witnesses because of a series of motions to quash and motions for a protective order filed by
8  Defendants." *Id.*, at 2. Plaintiff reasons that an additional ninety days is an appropriate amount of time
9  for Plaintiff "to both review and analyze the initially requested materials and conduct any additional
10 discovery." *Id.*, at 4.

11     For their part, Defendants agree that the discovery deadlines should be extended in this case, but
12 maintain that the scheduling deadlines should only be extended by sixty days. Docket No. 84, at 4.
13 Defendants argue that "Plaintiff does not show why an extension of ... [ninety days] is required for the
14 discovery remaining in this action." *Id.*, at 3-4. Defendants reason that interrogatories and requests for
15 production of documents have already been served, and submit that a sixty-day "extension of discovery
16 will be sufficient to conduct the remaining discovery in this action." *Id.*, at 4.

17     The Court finds that Plaintiff has satisfied its burden of demonstrating that good cause exists to
18 extend the scheduling deadlines in this matter. Moreover, Defendants do not dispute Plaintiff's
19 contention that the (now-resolved) disputes regarding the scope of Plaintiff's third-party subpoenas and
20 the parties' proposed protective orders have resulted in a substantial delay of document production.
21 Accordingly, the Court finds that an extension of ninety days is appropriate, given the fact that the
22 production of documents from third-parties is just getting underway following the entry of a protective
23 order in this case. *See* Docket No. 88.

24 **II.  CONCLUSION**

25     For the foregoing reasons, Plaintiff's Motion to Extend Scheduling Deadlines (Docket No. 83)
26 is hereby **GRANTED**. In order to allow the parties enough time to conduct discovery, the Court extends
27 the current discovery deadlines by ninety days, as follows:
28 //

    a.    Close of Discovery:    **September 23, 2014**

    b.    Last Date to File Dispositive Motions:    **October 23, 2014**

    c.    Pretrial Order:    **November 24, 2014**

IT IS SO ORDERED.

DATED: June 25, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge