# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | |
| Plaintiff(s), | Case No. 2:13-cv-01561-MMD-NJK |
| vs. | ORDER DENYING MOTION TO COMPEL |
| YOEL INY, et al., | |
| Defendant(s). | (Docket No. 96) |

Pending before the Court is Plaintiff's motion to compel production. Docket No. 96. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 96, 99, 109. The Court finds that this motion is properly resolved without oral argument. *See* Local Rule 78-2.

The Court hereby **DENIES** without prejudice Plaintiff's motion to compel. Docket No. 96. Pursuant to Local Rule 7-2(d), "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of that motion." In the context of a motion to compel, the moving party must show, at a minimum, "that the discovery request seeks . . . nonprivileged information that is relevant to any party's claim or defense." *Eruchalu v. U.S. Bank, Nat. Ass'n*, 2014 WL 4546800, at *1 (D. Nev. Sept. 12, 2014). It is clear that Plaintiff's arguments are not meaningfully developed. Plaintiff's motion is only five pages in length, and the section entitled "Legal Argument" consists of merely three paragraphs of argument and two paragraphs citing Federal Rules of Civil Procedure 26 and 37. Docket No. 96 at 3-4.

1     Further, Plaintiff's motion does not comply with Local Rule 26-7(a). Pursuant to 26-7(a), "[a]ll motions to compel discovery or for protective order shall set forth in full text the discovery originally sought and response thereto, if any." Generally, simply attaching the propounded discovery and responses as exhibits is insufficient to satisfy the requirements of Local Rule 26–7(a). *See Argarwal v. Oregon Mut. Ins. Co.*, 2013 WL 211093 (D. Nev. Jan. 18, 2013) (denying a motion to compel for failure to comply with procedural requirements including those in LR 26–7(a)); *but see U–Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, 2013 WL 1249706 (D. Nev. March 26, 2013) (acknowledging the failure to comply with LR 26–7(a), but exercising its discretion to address the motion). Plaintiff does not set forth in full text its discovery request or Defendants' responses. Rather, Plaintiff attached Defendants' responses, expecting the Court to sift and root for issues. Docket No. 96. Even after Defendants addressed this deficiency in their opposition, Plaintiff did not cure it in its reply. Docket Nos. 99, 109. "The Court takes the opportunity to remind [Plaintiff] that the judiciary's job is not to sift through scattered papers in order to manufacture arguments for parties." *Greenly v. Sara Lee Corp.*, 2008 WL 1925230, at *24 (E.D.Cal. Apr. 30, 2008).

    Based on the foregoing,

    **IT IS HEREBY ORDERED** that the Plaintiff's motion to compel (Docket No. 96) is **DENIED** without prejudice.

    **IT IS FURTHER ORDERED** that the parties shall meet and confer in a sincere effort to resolve the discovery dispute pursuant to Local Rule 26-7(b) no later than November 21, 2014. If, after the meet and confer, Plaintiff still believes that discovery responses are incomplete, Plaintiff may file a motion to complete in accordance with the federal and local rules within 14 days from the meet and confer.

    DATED: November 12, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge